UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: INKSTOP, INC., | ) | CHAPTER 7 |
| | ) | CASE NO. 09-202524 |
| Debtor. | ) | (Jointly Administered) |
| | ) | |
| | ) | JUDGE JESSICA E. PRICE SMITH |
| | ) | |
| | ) | |
| MARY ANN RABIN | ) | ADV. PRO. NO. 1:12cv246 |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION & |
| SKODA, MINOTTI & CO., et al., | ) | ORDER |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Before the Court is the motion of plaintiff Chapter 7 Trustee Mary Ann Rabin ("Trustee") seeking approval of a compromise the Trustee has reached with defendants Skoda, Minotti & Co. and Skoda Minotti Holdings LLC (collectively "defendants" or "Skoda") pursuant to Fed. R. Bankr. P. 9019(a). (Doc. No. 23.) For the following reasons, the motion is **GRANTED**.

The Court finds as follows:

1. On November 5, 2009, InkStop, Inc. ("Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Ohio (the "Bankruptcy Court") thereby commencing *In re InkStop, Inc.,* Case No. 09-20524 (the "Bankruptcy Case"). Mary Ann Rabin was appointed Trustee for the InkStop bankruptcy estate ("Bankruptcy Estate").

2. On November 2, 2011, the Trustee filed a lawsuit against Skoda captioned *MaryAnn Rabin, Trustee, v. Skoda, Minotti & Co., et al.,* United States Bankruptcy Court for the Northern District of Ohio Case No. 09-20524 Adv. Pro. No. 11-1307 (the "Adversary Proceeding"). On February 1, 2012 the United States District Court for the Northern District of Ohio (the "District Court") entered its Order granting the motion of Skoda to withdraw the reference to the Bankruptcy Court of the Adversary Proceeding, thereby transferring the Adversary Proceeding from the Bankruptcy Court to the District Court, where it was assigned Case No. 12-CV-00246.

3. The Adversary Proceeding asserted various claims for breach of contract, negligence, declaratory judgment, avoidance and recovery of preferential transfers, and avoidance and recovery of fraudulent transfers against Skoda. Skoda denied liability and filed a Motion to Dismiss the Adversary Proceeding.

4. The Trustee and Skoda have reached an agreement to resolve fully the Trustee's claims for breach of contract, negligence, declaratory judgment, avoidance and recovery of preferential transfers, and avoidance and recovery of fraudulent transfers against Skoda.

5. On July 6, 2012, the Trustee filed the instant motion to approve the terms of the settlement agreement and the parties' mutual release pursuant to Fed. R. Bankr. P. 9019(a). The motion was set for a hearing on August 7, 2012. (Doc. No. 28.)

6. Proper notice of the motion and hearing on the motion was issued by the Trustee, pursuant to Fed. R. Bankr. P. 2002 and Order of this Court, to (a) the Debtor's top twenty (20) creditors; (b) secured creditors of the bankruptcy estate, (c) all persons who appeared and requested electronic notice, and (d) the Office of the United States Trustee. (Doc. Nos. 29,

30, 31.) The notice indicated that written responses to the Trustee's motion were to be mailed to the Court for filing and to the Trustee's counsel on or before July 30, 2012. (Doc. No. 29.) Further, the notice provided that, "[i]f no objection to the motion is timely filed, the court may enter an order granting that relief without a hearing." (*Id*. at 422.)

7. On August 2, 2012, the Trustee's counsel filed a certification of receipt of no objections to the Trustee's motion. Further, the Court did not receive any objections to the motion.

8. In connection with a review of the Trustee's motion, the Court considered the following factors: (1) the probability of success in litigation; (2) the complexity of the litigation involved, as well as the expense, inconvenience and delay necessarily attendant to the litigation; (3) the difficulties to be encountered in collecting or enforcing any judgments that might be rendered; and (4) the paramount interest of creditors with proper deference to their reasonable views. Upon consideration of these factors, the judgment of the Trustee, and any timely objections made to the motion, the Court finds that the terms of the compromise are fair and equitable and in the best interests of the bankruptcy estate. The compromise will assure an opportunity of recovery to the InkStop estate for the distribution of funds to InkStop's creditors and avoid the cost and uncertainties of litigation.

After due deliberation and sufficient cause,

**IT IS HEREBY ORDERED AS FOLLOWS:**

The Trustee's motion is **GRANTED** in its entirety, the terms of the Agreement are incorporated into this Order by reference, and any untimely objection is overruled.

**IT IS SO ORDERED**.

Dated: August 3, 2012

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**